UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas F. Finnegan and Mary E. Finnegan,    Civil No. 10-4553 (DWF/JSM)

Plaintiffs,

v.                                          **MEMORANDUM**
                                            **OPINION AND ORDER**
Danny D. Solie, SunTrust Mortgage, and
Federal National Mortgage Association,

Defendants.

_____

B. Shane Barnes, Esq., Jonathan D. Miller, Esq., and Karl J. Yeager, Esq., Meagher & Geer, PLLP, counsel for Plaintiffs.

Danny D. Solie, Defendant.

Benjamin E. Gurstelle, Esq., Brent R. Lindahl, Esq., and Christianne A. R. Whiting, Esq., Briggs & Morgan, PA, counsel for Defendants SunTrust Mortgage and Federal National Mortgage Association.

_____

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss brought by Defendants SunTrust Mortgage ("SunTrust") and Federal National Mortgage Association ("Fannie Mae") (collectively, the "Bank Defendants"). The Bank Defendants seek an order dismissing the claims against them with prejudice. For the reasons set forth below, the motion is granted in part and denied in part. The Court dismisses the claims against the Bank Defendants but without prejudice.

## BACKGROUND

Plaintiffs Thomas F. Finnegan and Mary E. Finnegan reside at the property legally described as Lot 20, Block 2, Prairie East Second Addition, Hennepin County, Minnesota (the "Property"). (Am. Compl. ¶ 1.) Before October 15, 2007, the Property was a single-family residence owned by the Finnegans. (*Id.* ¶ 9.) At all times relevant to the allegations in the Amended Complaint, the Property was the Finnegans' primary residence. (*Id.* ¶ 10.)

In or about September 2007, the Finnegans' then-mortgagee[1] commenced a foreclosure by advertisement against the Property. (*Id.* ¶ 11.) In October 2007, Defendant Danny D. Solie approached the Finnegans about purchasing the Property before the foreclosure fully ran its course. (*Id.* ¶ 12.) The Finnegans and Solie entered into a purchase agreement on or about October 6, 2007 (the "Purchase Agreement"). (*Id.* ¶ 15.) At a closing on October 15, 2007, the Finnegans deeded the Property to Solie via warranty deed which was recorded on October 19, 2007 (the "Deed"). (*Id.* ¶¶ 14, 16.) Also on October 15, the Finnegans and Solie entered into a lease agreement and a purchase agreement for the repurchase of the property by the Finnegans (the "Lease" and the "Subsequent Purchase Agreement"). (*Id.* ¶ 19.)

At the October 15, 2007 closing, Solie gave a mortgage in favor of SunTrust or its predecessor, which was recorded against the Property on October 19, 2007 (the

---

[1] The identity of the Finnegans' mortgagee at the time of the September 2007 foreclosure is not provided in the Amended Complaint.

"Mortgage"). (*Id.* ¶ 21.) Solie later failed to pay SunTrust the payments required under the Mortgage. (*Id.* ¶ 25.) SunTrust then commenced a foreclosure action against the Property and purchased the Property on April 29, 2010. (*Id.* ¶ 26.) Fannie Mae obtained an interest in the property pursuant to an assignment of the Sherriff's Certificate dated April 30, 2010 and recorded in the Hennepin County Recorder's Office as Document No. A9518977 (*Id.* ¶ 5.) The redemption period expired on October 29, 2010. (*Id.* 26.)

The Finnegans commenced this action in Hennepin County District Court on or about October 14, 2010. SunTrust removed the action to this Court on November 15, 2010, and the Finnegans filed the Amended Complaint on November 17, 2010. In the Amended Complaint, the Finnegans allege seven counts: (1) violations of Minn. Stat. § 325N; (2) violations of Minn. Stat. § 325F.69; (3) cancellation of conveyances; (4) violation of Truth in Lending Act ("TILA") and Home Ownership Equity Protection Act ("HOEPA"); (5) equitable mortgage; (6) rescission under TILA and HOEPA; and (7) declaratory judgment.

The Bank Defendants moved for dismissal, arguing that only Count VI, which seeks a rescission of the loan from SunTrust to Solie, and Count VII, which seeks a declaratory judgment that the Mortgage "in favor of SunTrust be deemed void and unenforceable, or in the alternative that SunTrust deliver to Plaintiffs a satisfaction of the Mortgage," implicate SunTrust or Fannie Mae. The Bank Defendants assert that the Finnegans do not have standing to assert these claims and that, even if the Finnegans had standing, the claims would fail as a matter of law.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Count VI**

In Count VI, the Finnegans assert a claim against SunTrust seeking rescission of the Mortgage made to Solie by SunTrust due to an alleged failure to provide disclosures required under TILA.  The Bank Defendants assert that the Finnegans lack standing to pursue such a claim.  The Bank Defendants argue that the Finnegans have no statutory right to rescission under TILA because the Finnegans were not the obligor on the Mortgage.

TILA requires a creditor to make certain disclosures "to the person who is obligated on . . . a consumer credit transaction."  15 U.S.C. § 1631(a).  Among the required disclosures is notice of the obligor's right to rescind:

> in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section . . . whichever is later . . . .

15 U.S.C. § 1635(a).  The Finnegans are not obligors on the Mortgage and thus do not have statutory rescission rights under TILA.

The Finnegans assert, however, that they are not required to be obligors on the subject mortgage in order to have standing to raise claims under TILA, relying on *Pregler v. First NLC Fin. Servs. LLC*, No. 09-cv-2428, 2010 WL 3548484 (D. Minn. Sept. 7, 2010).  In *Pregler*, a claim for rescission under TILA was permitted to proceed where the plaintiff was not listed as a borrower or mortgagor on the subject mortgage, which was obtained by the plaintiff's then-boyfriend.  *Id.* at *1-3.  The result in *Pregler*

was based on the regulations issued by the Board of Governors of the Federal Reserve System to implement TILA ("Regulation Z"). Regulation Z provides, in pertinent part, that "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction." 12 C.F.R. § 226.23(a)(1). For purposes of rescission, Regulation Z defines consumer to "include[] a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person's ownership interest in the dwelling is or will be subject to the security interest." 12 C.F.R. § 226.2(a)(11).

The Finnegans assert that they have an ownership interest in the Property. The Finnegans acknowledge that they deeded the property to Solie via warranty deed. The Finnegans contend, however, that the transaction with Solie was an equitable mortgage in which no fee interest was transferred to Solie. The Bank Defendants respond that the Finnegans should be estopped from challenging Solie's authority to mortgage the property and estopped from rescinding the SunTrust Mortgage. The Bank Defendants rely on *Esty v. Cummings*, 83 N.W. 420 (Minn. 1900).

*Esty* involved an action in ejectment. *Id.* at 420. The property at issue had been owned by the defendant's husband subject to three mortgages, and two of the mortgages had been foreclosed upon. *Id.* Before the redemption period expired, the defendant and her husband executed and delivered a warranty deed to the holder of the third mortgage. *Id.* That individual then obtained a mortgage from the plaintiff, the proceeds of which were used to redeem the property. *Id.* at 420-21. After the mortgage in favor of the

6

plaintiff was defaulted upon, the plaintiff foreclosed and the property was not redeemed. *Id.* at 421. The defendant then attempted to defeat the plaintiff's title by asserting that the transaction involving the holder of the third mortgage was an equitable mortgage. *Id.* The Minnesota Supreme Court held that "the defendant is estopped from denying the validity of plaintiff's mortgage. She clothed [the third party] with title to the property, empowered him to make a loan thereon for her benefit, and cannot now be heard to dispute that which her conduct induced, and was intended to bring about." *Id.*

The Court concludes that *Esty* applies here. The Finnegans admit that they deeded the property to Solie via warranty deed, thus clothing Solie with title to the Property. The Finnegans thus empowered Solie to make a loan for their benefit. The Amended Complaint contains no allegations from which the Court could infer that SunTrust did not make the mortgage to Solie in good faith. Accordingly, the Finnegans are estopped from asserting that they retained an ownership interest in the Property. *See Esty*, 83 N.W. at 421; *cf. Proulx v. Hirsch Bros., Inc.*, 155 N.W.2d 907, 912 (Minn. 1968) ("Rescission and restoration will not be granted to the prejudice of bona fide purchasers acquiring rights subsequent to the execution of the instrument sought to be canceled."). Without an assertable ownership interest, the Finnegans lack standing to rescind the Mortgage that SunTrust made to Solie.

### III. Count VII

Count VII states: "To the extent that the subject transaction is rescinded, Plaintiffs request that the Mortgage, filed for record against the Property in favor of SunTrust be deemed void and unenforceable, or in the alternative that SunTrust deliver to Plaintiffs a

7

satisfaction of the Mortgage." (Am. Comp. ¶ 80.) The Bank Defendants assert that because the Finnegans cannot rescind the Mortgage, this claim necessarily fails. The Court agrees.

**IV.   Counts I Through V**

The Bank Defendants contend that they are not implicated by Counts I through V and that because Counts VI and VII fail, they are entitled to judgment against the Finnegans. The Finnegans assert the claims against the Bank Defendants are not limited to Counts VI and VII. The Finnegans assert that their claims are primarily against the Property and substantially affect the ownership of the Property. The Finnegans argue that the Bank Defendants, as parties claiming an interest in the Property, are therefore necessary parties to this litigation.

The Court disagrees. In Count I, the Finnegans assert that Solie violated Minn. Stat. § 325N. Count I consists of 27 paragraphs, none of which implicate any action that the Bank Defendants either took or failed to take. Even if Count I were construed to have been pled against the Bank Defendants, the Court would conclude that the Finnegans failed to satisfy the pleading requirements set forth in *Twombly* and *Iqbal*. Minn. Stat. § 325N.18 expressly states that "[n]o action under this section shall affect the rights in the foreclosed property held by a good faith purchaser for value." Absent some factual allegation that SunTrust and Fannie Mae are not good faith purchasers for value, the Finnegans have failed to raise a right to relief based on an alleged violation of Section 325N above the speculative level. Count II asserts that a violation of Minn. Stat. § 325N

8

is also a violation of Minn. Stat. § 325F.69 and once again alleges only that Solie's actions were violations.

Count III is entitled "Cancellation of Conveyances" and does contain a reference to SunTrust. (*See* Am. Compl. ¶ 60.) Paragraph 60 states: "Pursuant to Minn. Stat. 325N.13, Plaintiffs hereby notify Defendant Solie and SunTrust of their exercise of their right to cancel the Purchase Agreement, the Deed, the Subsequent Purchase Agreement, and the Lease." The Court has already concluded, however, that the Finnegans have not stated a claim against SunTrust under Section 325N. In addition, each of the identified contracts or conveyances are between the Finnegans and Solie. Count III therefore fails to implicate any act or failure to act by the Bank Defendants and the Court concludes that the Finnegans have failed to state a claim against the Bank Defendants in Count III.

Counts IV and V relate to the Finnegans' allegation that their transaction with Solie resulted in an equitable mortgage. Count IV asserts that Solie failed to provide the disclosures required under TILA as part of that transaction. Count V asserts that Solie may not divest the Finnegans of their alleged ownership interest except through a foreclosure under Minnesota forfeiture law. Those claims are expressly pled against Solie and do not challenge any act or failure to act by the Bank Defendants.

The Finnegans have therefore failed to state a claim against the Bank Defendants as to Counts I through V. The Finnegans assert that the Bank Defendants are nevertheless necessary parties because the Bank Defendants claim interests in the Property. The Finnegans rely on Minn. Stat. § 559.01, which provides a cause of action whereby a person in possession of real property may bring an action against another who

9

claims an interest in that property. The Court concludes that, notwithstanding the existence of an adverse possession action under Minnesota law, the Finnegans have not satisfied the pleading requirements under the Federal Rules of Civil Procedure for any cause of action for which the Bank Defendants are a necessary party.

As an initial matter, the Finnegans have not pled an action under Section 559. Even if, however, the Amended Complaint were construed to include a claim under Section 559, the Court's inquiry would not end there. The Finnegans are still required to satisfy the pleading requirements of *Twombly* and *Iqbal*. Here, assuming all facts in the complaint to be true and construing all reasonable inferences from those facts in the light most favorable to the Finnegans, the Amended Complaint fails to state a claim for relief that implicates the Bank Defendants' interests in the Property. As discussed above, the Finnegans are estopped from challenging the SunTrust Mortgage based on their equitable mortgage theory, and the Finnegans have failed to state a claim under Minn. Stat. § 325N that implicates the Bank Defendants. The Amended Complaint does not contain any other avenue through which the Finnegans may attempt to challenge the Bank Defendants' interest in the Property, and so the Finnegans have also failed to state a claim under Minn. Stat. § 559.01.

The Finnegans have therefore failed to state a claim showing that they are entitled to relief against the Bank Defendants, and the motion to dismiss must be granted. However, in view of the liberal pleading requirements of the Federal Rules of Civil Procedure, and because of the early stage of the proceedings in this action, the Court grants the motion without prejudice.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Bank Defendants' Motion to Dismiss (Doc. No. [7]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiffs' Amended Complaint (Doc. No. [2]), as it is asserted against the Bank Defendants, is **DISMISSED WITHOUT PREJUDICE**.


Dated: July 8, 2011               s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge